IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DeMARCO DEON WILLIAMS, )
)
          **Plaintiff,** )
)
vs. ) Case No. 11-CV-469-TCK-FHM
)
CITY OF TULSA, )
JEFFREY MICHAEL HENDERSON, )
RON PALMER, )
)
          **Defendants.** )

## OPINION AND ORDER

Before the Court is the Joint Motion to Dismiss Second Amended Complaint by Defendants City of Tulsa and Ron Palmer (Doc. 99), filed on January 20, 2014.

**I.    Procedural History**

On January 22, 2013, the Court entered an Opinion and Order ruling on all pending motions, *see Williams v. City of Tulsa*, No. 11-CV-469-TCK, 2013 WL 244049 (N.D. Okla. Jan. 22, 2013), and such Order is incorporated herein by reference. The Court granted the Defendant City of Tulsa's ("City") motions to dismiss and for summary judgment as to all claims and ordered Plaintiff DeMarco Williams ("Williams") to file a proposal of how best to proceed on his remaining claim against Defendant Jeff Henderson ("Henderson"). Williams then moved for default judgment against Henderson. The Court entered default against Henderson and referred the motion for default judgment to United States Magistrate Judge Frank McCarthy for Report and Recommendation. On June 11, 2013, Anthony Allen Lee entered an appearance on behalf of Henderson, moved to set aside the Court's entry of default, and moved to quash service against Henderson. The Court set aside the default, denied the motion to quash, and ordered a joint status report. After Henderson failed to

participate in submission of the status report, the Court entered a scheduling order in accordance with Williams' proposal.

On November 13, 2013, Williams filed an unopposed motion to file a Second Amended Complaint based upon the issuance of the Oklahoma Supreme Court's decision in *Bosh v. Cherokee County Building Authority*, 305 P.3d 994 (Okla. 2013).[1] Williams sought to assert *Bosh* claims against Henderson, the City, and Tulsa Police Department Chief Ron Palmer ("Palmer") (a new defendant). The Court granted this unopposed motion, and Plaintiff filed his Second Amended Complaint ("SAC") on November 13, 2013. On January 20, 2014, Palmer and the City filed the pending motion pursuant to Federal Rule of Civil Procedure 12(b)(6) seeking dismissal of all claims asserted against them in the SAC.

On January 22, 2014, Williams filed another motion for default judgment against Henderson, arguing that Henderson had failed to participate in the litigation even after the Court set aside the previous default. The Clerk of Court construed the motion as one for entry of default and denied the motion by minute order because Henderson had entered an appearance in the case. On March 14, 2014, after conducting a hearing attended by Henderson's counsel, Judge McCarthy granted motions to compel filed by Williams. Judge McCarthy ordered Henderson to respond to discovery and comply with Rule 26 initial disclosure requirements by March 31, 2014.[2] On April 23, 2014, the

---

[1] In similar litigation, this Court has held that the cause of action explained in *Bosh* is not limited to excessive force claims. *See White v. City of Tulsa*, --- F. Supp. 2d ----, 2014 WL 5774018, at *3 (N.D. Okla. 2013).

[2] Based on the silence in the record, it appears that Henderson complied with this deadline and is now participating in the litigation.

parties filed an unopposed motion to modify the scheduling order, and the Court entered a new schedule.

## II.     Factual Allegations in Second Amended Complaint

The underlying facts giving rise to the claims asserted in the SAC are set forth at length in *Williams*, 2013 WL 244049. Essentially, Williams alleges that Henderson took several unlawful actions in connection with the search, arrest, and prosecutions of Williams, and that the City may also be held liable for Henderson's actions. The SAC also alleges that Palmer, as TPD Police Chief and final policymaker for TPD, took actions that enabled Henderson's unlawful conduct. The SAC asserts two causes of action: (1) violation of 42 U.S.C. § 1983, which is asserted against Henderson in his individual capacity;[3] and (2) violation of Article 2, Section 30 of the Oklahoma Constitution ("*Bosh* claim"), which is asserted against Henderson, Palmer, and the City.

## III.    Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. The inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "'nudge [ ] [his] claims across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Thus, "the mere metaphysical possibility that some plaintiff could prove some set of facts in

---

[3] This was the one remaining claim after the Court's rulings on claims asserted in the original Complaint.

3

support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Id.*

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248. In addition, the Tenth Circuit has stated that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context" and that whether a defendant receives fair notice "depends on the type of case." *Id.*

## IV. Statute of Limitations

The City and Palmer argue that all *Bosh* claims against them should be dismissed because the relevant statute of limitations has expired. Plaintiff argues that his claims did not accrue until Oklahoma decisional law gave him the right to assert a private cause of action for violation of Article 2, Section 30 of the Oklahoma Constitution.

Injuries "to the rights of another, not arising in contract," which best describes Plaintiffs' alleged violations of rights protected by the Oklahoma Constitution, must be filed within two years

4

of the injury. Okla. Stat. tit. 12, § 95(A)(3). Henderson's alleged violations of Article 2, Section 30 of the Oklahoma Constitution occurred on July 27, 2004, when he alleges to have been unlawfully searched and seized. The Court finds it appropriate to apply the statute of limitations rules used in federal case law for § 1983 claims premised upon Fourth Amendment violations, *see Williams*, 2013 WL 244049, at *7 (analyzing statute of limitations issues as to Williams' § 1983 claims premised upon Fourth Amendment violations), to the Oklahoma Constitution's similar prohibition on unreasonable searches and seizures. Under these principles, the statute of limitations began to run on his *Bosh* claims on the date Williams first received legal process. *See Williams*, 2013 WL 244049, at *7 (analyzing statute of limitations issues as to Williams' § 1983 claims premised upon Fourth Amendment violations). At the absolute latest, this occurred on March 10, 2008, when Williams was arraigned prior to his second prosecution. *See id.* Therefore, Williams' state constitutional claims for unreasonable search and seizure based upon Henderson's conduct had to be filed, at the latest, on March 10, 2010.

The same statute of limitations analysis applies to Williams' claims against Palmer, who allegedly violated Article 2, Section 30 by failing to discipline, train, or supervise Henderson. Assuming a failure to discipline claim is actionable under Article 2, Section 30's prohibition of unreasonable searches and seizures, which is vigorously disputed by Palmer, the injury caused was the unreasonable search and seizure. Therefore, this claim also expired, at the latest, on March 10, 2010.

Williams' only argument in support of timeliness is that his claim did not accrue until the Oklahoma Supreme Court's decision in *Bosh*. In *Bosh*, the Oklahoma Supreme Court held that its decision "shall be given retroactive application to all matters which were in the litigation pipeline,

5

state and federal, when *Bryson v. Oklahoma County*, 2011 OK CIV APP 98, 261 P.3d 627 was decided [on June 30, 2011] as well as any claims which arose when *Bryson*, was decided." Based on this holding, *Bosh* generally applies to this case because all Williams' claims were indeed in "the litigation pipeline" by June 30, 2011 (against Henderson and the City) or later asserted (against Palmer). However, that does not end the inquiry. Contrary to Plaintiff's argument, the general retroactive application of judicial pronouncements does not save an otherwise time-barred claim or somehow toll an expired statute of limitations. *See James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 541 (1991) ("Of course, retroactivity in civil cases must be limited by the need for finality; once suit is barred by res judicata or by statutes of limitation or repose, *a new rule cannot reopen the door already closed.*") (internal citation omitted and emphasis added). The general rule of retroactivity simply means that when a court "has applied a rule of law to the litigants in one case it must do so with respect to all others *not barred by procedural requirements* or res judicata." *Id.*; *see also Strelecki v. Okla. Tax Comm'n*, 872 P.2d 910, 914 (Okla. 1993) (explaining that new rule of federal law applies to all cases "still open on direct review and as to all events that are not time-barred").

This same qualification regarding retroactivity of federal case law – namely, that a suit must be timely filed in order to enjoy application of a new legal pronouncement – also applies to changes effectuated by Oklahoma case law. *See Sholer v. State of Okla. ex rel. Dep't of Pub. Safety*, 945 P.2d 469, 474 (Okla. 1997) (explaining that a decision of the Oklahoma Court of Civil Appeals "would be applied retroactively subject to the proper statute of limitations"). Therefore, Plaintiff's argument that his claim first "accrued" when *Bosh* was decided or on some other date tied to the timing of the *Bryson* or *Bosh* decisions is misplaced. *See id.,* 945 P.2d at 474 (holding that claims accrued on the date of injury and not on the date the Oklahoma Supreme Court denied certiorari of the decision that

6

effectuated a change in relevant law). Plaintiff may reap the benefit of the *Bosh* decision only for those claims timely filed in relation to the date of Plaintiff's alleged injuries. For reasons explained above and in the Court's prior ruling on Williams' § 1983 claims, any claims premised upon unreasonable search and seizure accrued, at the latest, on March 8, 2010, and were not timely filed.[4] Williams has failed to state any *Bosh* claims upon which relief may be granted because the statute of limitations ran prior to initiation of this lawsuit.

## V.     Conclusion

The Joint Motion to Dismiss Second Amended Complaint by Defendants City of Tulsa and Ron Palmer (Doc. 99) is GRANTED in its entirety, and the claims asserted against them in the Second Amended Complaint are dismissed with prejudice as untimely. The Court *sua sponte* dismisses with prejudice the *Bosh* claim asserted against Henderson for the same reasons explained herein. Thus, the only claim remaining in the Second Amended Complaint is Count One against Henderson in his individual capacity.

SO ORDERED this 17th day of June, 2014.

_____
**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**

---

[4] Plaintiff's § 1983 claims premised upon the Fourteenth Amendment accrued on the date of Williams' release and were timely under relevant Tenth Circuit law. *See Williams*, 2013 WL 244049, at *7. Any *Bosh* claims, however, are necessarily unreasonable search and seizure claims that accrued, at the latest, on March 8, 2010.