IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEMARCO DEON WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-CV-469-TCK-FHM |
| | ) |
| CITY OF TULSA, | ) |
| JEFFREY MICHAEL HENDERSON, and | ) |
| RON PALMER, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is Defendant Jeffrey Michael Henderson's Motion for Summary Judgment (Doc. 124), filed on September 3, 2014.

### I. Factual Background[1]

On January 22, 2013, the Court granted summary judgment in favor of Defendant City of Tulsa ("City") on all claims. (Doc. 47.) The only claim remaining was a 42 U.S.C. § 1983 claim asserted against Defendant Jeff Henderson ("Henderson") in his individual capacity. On November 13, 2013, upon leave of Court, Plaintiff Demarco Deon Williams ("Williams") filed a Second Amended Complaint naming Ron Palmer ("Palmer") as a defendant and adding a second claim for relief pursuant to *Bosh v. Cherokee County Building Authority*, 305 P.3d 994 (Okla. 2013) ("*Bosh* claim"). (Doc. 71.) On June 17, 2014, the Court held that the *Bosh* claim was barred by the statute

---

[1] A complete factual background and procedural history are set forth at length in prior orders, which are incorporated herein by reference. (*See* Docs. 47, 123.) This Opinion and Order assumes knowledge of all terms and short names identified in these prior orders.

of limitations and dismissed such claim as to all Defendants. (Doc. 123.) Therefore, the remaining claim is the 42 U.S.C. § 1983 claim asserted against Henderson in his individual capacity.[2]

Henderson moves for summary judgment based on three affirmative defenses.[3] In response, Williams argues that (1) Henderson failed to file an answer to the Second Amended Complaint, and all allegations therein should be deemed admitted pursuant to Federal Rule of Civil Procedure 8(b)(6); and (2) assuming they are not waived, none of the three defenses asserted by Henderson entitle him to summary judgment. Henderson did not file a reply and has still not answered the Second Amended Complaint.

## II. Motion to Deem Second Amended Complaint Admitted[4]

Henderson filed an Answer to the First Amended Complaint on October 17, 2013. After Williams filed a Second Amended Complaint adding the *Bosh* claim, Henderson failed to file a second answer. As part of his response to the motion for summary judgment, Williams moves the Court to deem the Second Amended Complaint admitted pursuant to Federal Rule of Civil Procedure 8(b)(6) and to limit trial to the question of damages.

Rule 8(b)(6) provides:

Effect of Failing to Deny. An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not

---

[2] In the proposed Pretrial Order, Williams has included the *Bosh* claim as a legal issue to be tried. Williams should be prepared to discuss this at the pretrial conference and present any arguments as to why this claim should proceed to trial.

[3] Henderson's motion does not include a statement of undisputed facts as required by Northern District Local Rule 56.1(b) or any attached exhibits.

[4] Although not styled as a separate motion, Williams requests in his response brief that the Court deem the Second Amended Complaint admitted based on Henderson's failure to file an answer. The Court will address this request as a separate motion rather than in the context of Henderson's motion for summary judgment.

2

> denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

Courts apply Rule 8(b)(6) in order to avoid prejudice or unfair surprise, and the rule need not be strictly applied where the purpose of providing notice is otherwise fulfilled. *Sanchez v. BNSF Ry. Co.*, 976 F. Supp. 2d 1265, 1267-68 (D.N.M. 2013). For example, a motion for summary judgment can provide sufficient notice of an issue to be litigated, such that the Court may consider the motion even in absence of an answer. *See id.* ("Here, although [the defendant] has not answered the Complaint and has pleaded no affirmative defenses, the Court finds that Plaintiff has not been prejudiced by Defendant's omissions. . . . Therefore, the Court finds it is appropriate to address the merits of Defendant's Motion for Summary Judgment.").

Williams has not suffered prejudice as a result of Henderson's failure to answer the Second Amended Complaint. The defenses asserted by Henderson in his motion for summary judgment were raised in his original answer, and Williams has had notice of the defenses since that time. The Court therefore denies Williams' request to deem the Second Amended Complaint admitted and grants Henderson leave to file an answer out of time. However, this is yet another example of Henderson's dilatory conduct, which has caused numerous procedural delays. The Court again grants Henderson significant leniency in the interest of adjudicating the case on the merits rather than a procedural failure.

## III.    Motion for Summary Judgment

Henderson argues he is entitled to summary judgment for three reasons: (1) the claim is precluded under the doctrine of collateral estoppel; (2) he is entitled to absolute witness immunity to the extent the claims are based upon trial testimony; and (3) he is entitled to qualified immunity due to the preclusive effect of prior rulings in criminal cases.

### A. Collateral Estoppel (Issue Preclusion)

Because Henderson seeks a ruling regarding the preclusive effect of a prior ruling made in federal court, federal preclusion rules apply. *See Dodge v. Cotter Corp.*, 203 F.3d 1190, 1197-98 (10th Cir. 2000) ("[T]he preclusive effect given in federal court to a prior federal judgment is subject to federal law."). Collateral estoppel, commonly referred to as issue preclusion, "bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." *Park Lake Res. Ltd. Liab. v. U.S. Dep't of Agr.*, 378 F.3d 1132, 1136 (10th Cir. 2004) (applying federal common law). Generally, issue preclusion applies when:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Id.* Even if all four criteria are met, equitable exceptions may render issue preclusion inappropriate. *See* Restatement (Second) of Judgments § 28 (setting forth five equitable exceptions to general rule of issue preclusion). "Trial courts are granted broad discretion in the application of collateral estoppel." *Klein v. Comm'r of Internal Rev.*, 880 F.2d 260, 264 (10th Cir. 1989).

Henderson argues that Williams unsuccessfully "challenged the reasonableness of the complained of search" in the underlying criminal proceedings and should therefore be estopped from asserting any constitutional violations by Henderson in this § 1983 action. (Mot. for Summ. J. 5.) Henderson's issue preclusion argument fails for at least two reasons. First, Henderson has failed to present sufficient explanation or evidence regarding the first element. For purposes of such element, the Court must compare a precise and specific ruling on an issue presented in the prior proceedings

with the issues presented here. In the 2008 proceeding before Judge Eagan, Williams filed numerous pretrial motions – including motions to suppress or exclude evidence, to obtain the identity of an alleged informant, and to gain access to evidence that he believed could be used to impeach a government witness. (*See* 08-CR-21, Docs. 13-18.) However, despite these numerous motions, Henderson has not identified or attached as evidence any particular order or ruling upon which he relies.

Based on his use of the phrase "challenged the reasonableness of the complained of search," the Court speculates Henderson is referring to Judge Eagan's ruling on Williams' motion to suppress the fruits of the 7/27/04 search. Based on the Court's review, it does not appear Judge Eagan issued any findings as to the "reasonableness of the complained of search." (*See* 08-CR-21, Doc. 31 at 6-7.) She ruled only that "Defendant has not shown that the existence of multiple original copies of the affidavit and search warrant with different signatures constitutes a procedural irregularity under the Fourth Amendment, and his motion to suppress evidence seized during the July 27, 2004 search is denied." (*Id.* at 6 (noting that affidavit was not challenged on grounds that police lacked probable cause).) A finding of no procedural irregularities with the affidavit and search warrant is certainly not preclusive as to whether Henderson "knowingly procured a no-name search warrant without a factual basis to search [Williams'] home" or "falsified the 'confession' form with inculpatory statements." (Second Am. Compl. ¶ 71.) There may be other relevant rulings in the record, but it is not this Court's duty to conduct a search. It is Henderson's burden at the summary judgment stage to establish the first element of the defense, and he has failed to do so.

Second, the Court concludes that rulings in the prior criminal proceedings have no preclusive effect because Defendant's convictions were either reversed on appeal (04-CR-167) or vacated (08-

5

CR-21). Generally, "[a] judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel," and the "same is true . . . of a judgment vacated by a trial court." *United States v. Lacey*, 982 F.2d 410, 412 (10th Cir. 1992). The Tenth Circuit has not specified whether vacating or setting aside a conviction, as opposed to a judgment, removes any preclusive effect of rulings within the criminal proceedings. Other circuits have indicated that such rulings lose their preclusive effect. *Tillman v. Orange Cnty., Fla.*, 519 F. App'x 632, 637-38 (11th Cir. 2013) (holding that where a "conviction, verdict, and sentence [were] entirely set aside," any issues determined in the trial were denied preclusive effect and that "the district court clearly erred in determining that the plaintiff could not establish the malice element due to the supposed preclusive effect of a sentence and conviction set aside by the state trial court"); *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996) ("Even a conviction that has been merely vacated, rather than reversed, with the matter remanded for a new trial, rather than dismissed, is 'null and void, and the parties are left in the same situation as if no trial had ever taken place.'"); *Seltzer v. Ashcroft*, 675 F.2d 184, 185 (8th Cir. 1982) (instructing lower court to stay federal civil action pending outcome of appeal of criminal conviction because collateral estoppel would not apply if conviction was reversed on appeal). Further, the Court can discern no reason that reversed or vacated criminal convictions should be treated differently than reversed or vacated civil judgments.

Henderson did not address the above-described rule regarding vacated judgments and did not file any reply brief addressing Williams' discussion of such rule. Instead, Henderson rested upon his motion, which relies principally upon *Hubbert v. City of Moore, Okla.*, 923 F.2d 769 (10th Cir. 1991). In *Hubbert*, the Tenth Circuit held that an Oklahoma court's finding of probable cause for arrest had preclusive effect in a subsequent federal civil rights case, even when the plaintiff was

6

ultimately acquitted. 923 F.2d at 773. Applying Oklahoma law, the court reasoned that the probable cause ruling should have preclusive effect because "whether the jury convicts the defendant of the crime has no bearing on the question whether the officer had probable cause to make the arrest." *Id.*

The Court finds *Hubbard* distinguishable. The *Hubbard* court's reasoning turned on Oklahoma law, which has no application here. *See id.* at 772 (explaining that a "federal court considering § 1983 action must give preclusive effect to a state court judgment to the same extent a court in that state would" and carefully analyzing two Oklahoma Supreme Court cases ). Further, unlike in *Hubbert*, Williams' criminal proceeding ended when his second conviction was vacated and the United States decided not to retry the matter, rather than when he was acquitted. In an order addressing Williams' motion to expunge his record in 08-CR-21, Judge Eagan stated that "the government asked the Court to vacate defendant's convictions and sentence due to allegations of police misconduct, and the government acknowledged that defendant had the right to discover certain evidence. . . ." (08-CR-21, Doc. 89 at 7.) In contrast to *Hubbard*, where the jury's acquittal did not potentially undermine the court's initial probable cause determination, the reason prosecutors moved to vacate the conviction potentially undermines any finding as to whether Henderson committed a constitutional violation in conjunction with the 7/27/04 search and arrest.[5]

Although not cited by Henderson, the Court will also address a recent, unpublished Tenth Circuit decision that potentially supports Henderson's preclusion argument. *See Cook v. Aagard*, 547 F. App'x 857, 858 (10th Cir. 2013). In *Cook*, the court affirmed a grant of summary judgment on a

---

[5] Judge Eagan "did not dismiss the indictment based on a constitutional violation" or a finding of actual innocence. (*See id.*) Nonetheless, the reasons the United States requested vacating the conviction and decided not to retry the case certainly weigh against giving preclusive effect to rulings in that case.

7

§ 1983 claim due to the preclusive effect of a Utah criminal court's finding of probable cause, despite that the state ultimately dismissed the charges. *See id.* at 858. Again, the facts are distinguishable. In that case, the § 1983 plaintiff, a former criminal defendant, had entered a plea in abeyance and admitted the charges against him on the condition that the conviction would be dismissed if he completed certain requirements. The state dismissed the charges only after he satisfied the agreed-upon conditions and to prevent the conviction from remaining on his record. There was nothing casting doubt upon the criminal court's findings regarding probable cause; the conviction was simply dismissed pursuant to agreement. Here, the prosecuting authority moved to vacate Williams' second conviction for some of the same reasons that Williams brought his § 1983 action – namely, Henderson's suspected misconduct. Therefore, the Court finds these Tenth Circuit cases, which involved an acquittal and a dismissal following a conditional plea in abeyance, distinguishable from the reversed and/or vacated convictions in this case.[6]

### B. Absolute Witness Immunity

Williams does not seek to hold Henderson liable for testimony given during either criminal trial. Therefore, this defense is moot and does not entitle Henderson to summary judgment.

---

[6] The Court finds no need to reach whether Williams had a full and fair opportunity to litigate the issues or whether equitable exceptions should apply. However, both provide other possible grounds for denying summary judgment. The constitutional questions were certainly in a different posture than they exist now. At that time, the United States believed Henderson had an actual RCI, and Williams had no reliable proof otherwise despite his attempts to obtain the name of the RCI. *Cf. Cook*, 547 F. App'x at 860 (finding full and fair opportunity to litigate where the plaintiff knew of but decided not to present certain evidence at the suppression hearing in his prior criminal case).

### C. Qualified Immunity

Henderson's argument regarding qualified immunity, which consists of one paragraph, is simply that "Judge Eagan's finding of probable cause precludes any determination in the instant matter that Defendant Henderson violated a clearly established right of the Plaintiff as required under the analysis for qualified immunity." (Mot. for Summ. J. 7.) This argument is identical to Henderson's issue preclusion argument and is rejected for the same reasons.

## IV. Conclusion

Defendant Henderson's Motion for Summary Judgment (Doc. 124) is DENIED. Plaintiff's request to deem the Second Amended Complaint admitted is DENIED. For completeness of the record, Henderson shall answer the Second Amended Complaint no later than five days from entry of this Order.

SO ORDERED this 7th day of November, 2014.

*[signature]*

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**