# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DeMARCO DEON WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 11-CV-469-TCK-FHM |
| | ) |
| CITY OF TULSA, RON PALMER, | ) |
| JEFFREY MICHAEL HENDERSON, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for FRCP 54(b) Certification (Doc. 143), wherein Plaintiff requests that the Court certify (1) the Court's decision granting summary judgment to Defendant City of Tulsa (Doc. 47) ("Summary Judgment Order") on all claims asserted against it in the original Complaint; and (2) the Court's decision dismissing all claims asserted against Defendants City of Tulsa and Ron Palmer (Doc. 123) ("Dismissal Order") in the Second Amended Complaint.[1] Defendants City of Tulsa ("City") and Ronald Palmer ("Palmer") object to certification of either order.

**I.      Rule 54 Analysis**

Federal Rule of Civil Procedure 54(b) provides:

(b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any

---

[1] Plaintiff also filed a First Amended Complaint on August 23, 2010. This pleading was stricken by the Court. (*See* Doc. 47, Summary Judgment Order, at 2.)

of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Rule 54(b) certification is appropriate if the district court determines (1) the order it is certifying is a final order, and (2) there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case." *Niemi v. Lasshofer*, 770 F.3d 1331, 1341 (10th Cir. 2014).

### A. Final Orders

"To be final for purposes of Rule 54(b), an order must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005). The controlling question is whether Plaintiff's claims against the City and Palmer are distinct and separable from the remaining unresolved claim against Henderson. *Id.* "[T]here is no bright-line rule to distinguish multiple claims, which may be appealed separately, from multiple legal grounds in a single claim, which may not." *Id.* at 127. However, the Tenth Circuit has instructed that this determination is "based largely on practical concerns, particularly the question whether a subsequent appeal of the claims before the district court will require the court of appeals to revisit the same issues decided in the first appeal." *Id.* The Tenth Circuit further explained:

> The test for separate claims under the rule is whether the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the court would have to go over the same ground that it had covered in the first appeal.

*Id.* (quoting *Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1162 (7th Cir.1997)).

2

The Court concludes that the Summary Judgment Order and Dismissal Order are final for purposes of Rule 54(b).[2] These orders conclude that (1) certain of Plaintiff's § 1983 claims and state-law constitutional claims against the City and/or Palmer are time-barred, and (2) for any timely § 1983 claims, Plaintiff has not presented facts establishing a basis for municipal liability, even assuming Henderson committed a constitutional violation. These are separate and distinct from the remaining legal issue to be tried – namely, whether Henderson actually committed a constitutional violation.

The "practical" consideration of whether the appellate court would be forced to revisit the same issues following the conclusion of a trial against Henderson also weighs in favor of certification. Because the Court resolved the claims against the City and Palmer on the basis of untimeliness and the absence of municipal liability (rather than the absence of an underlying constitutional violation), the issues being presented on appeal are distinct from those that would be presented following appeal of any verdict following trial of the claim against Henderson. If trial ultimately proceeds against all Defendants and appeal is taken, the appellate court would only be reviewing the trial evidence and not the issues now presented by appeal of this Court's judgment in favor of the City and Palmer.

B.    **No Just Reason for Delay**

The Court also concludes that there is no just reason for delaying appellate court resolution of the Court's rulings in favor of the City and Palmer. Plaintiff has been prevented from appealing

---

[2] In their response brief, the City and Palmer do not dispute that the Summary Judgment Order and Dismissal Order constitute "final orders" for purposes of Rule 54(b). As explained below, Defendants argue that other general principles surrounding pendent appellate jurisdiction essentially trump Rule 54(b) in this case.

the Court's decisions against the City and Palmer because of the remaining unresolved claim against Henderson. The Court granted Henderson relief from default *after* it entered summary judgment in favor of the City on Plaintiff's original claims. Thus, significant time has elapsed since the Court's Summary Judgment Order. Two days before trial was set to commence against Henderson, Henderson appealed this Court's denial of qualified immunity, thereby delaying trial and divesting the Court of jurisdiction. Because the remaining claim against Henderson is also delayed, the Court finds no just reason to delay resolution of the legal issues that Plaintiff desires to appeal. Following both appeals, the appellate court will have decided whether trial should proceed at all, whether trial should proceed against Henderson only (as this Court concluded), or whether trial should proceed against all Defendants. If the Court denies Plaintiff's motion to certify, Plaintiff will be forced to wait for resolution of the qualified immunity issue, then (if resolved in favor of Plaintiff) conduct a trial against Henderson, then appeal a final judgment of all issues, and then possibly (if resolved in favor of Plaintiff) conduct a second trial against the remaining Defendants. Although the Court would ordinarily force Plaintiff to wait and appeal one final judgment, the Court finds, in these somewhat unique circumstances, that there is no just reason to further delay resolution of Plaintiff's appeal of the Court's rulings against him on the issues of timeliness and municipal liability.

Defendants did not address the Rule 54(b) requirements, despite Plaintiff's express invocation of Rule 54(b) and citation to relevant Tenth Circuit law. Instead, Defendants argued that the Tenth Circuit's reasoning in *Moore v. City of Wynnewood*, 57 F.3d 924 (10th Cir. 1995), precludes certification. Defendant's cited cases are unpersuasive because they involve the distinct question of when an appellate court may exercise pendent appellate jurisdiction, not whether a district court erred in certifying an order pursuant to Rule 54(b). *See Moore*, 57 F.3d at 929 (deciding whether to

4

exercise pendent appellate jurisdiction over a municipality's appeal of denial of summary judgment, where co-defendant chief of police had exercised right to appeal denial of qualified immunity) (explaining that "a rule loosely allowing pendent appellate jurisdiction would encourage parties to parlay collateral orders into multi-issue interlocutory appeals" but exercising jurisdiction in that case because issues in both appeals were inexplicably intertwined) (quotations and alterations omitted); *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Concerns for judicial economy do not justify permitting parties to parlay appealable collateral orders, such as denials of qualified immunity, into multi-issue interlocutory appeal tickets. Pendent appellate jurisdiction can be proper only when the otherwise nonappealable decision is 'inextricably intertwined' with the appealable decision . . . .") (internal citation omitted).

Contrary to Defendants' arguments, these rules do not apply when a district court has exercised its discretion to certify an appeal pursuant to statute or federal rule. As explained in *Moore*:

> The [Supreme] Court explained that interlocutory appeals should be limited to those expressly provided for by Congress, including (1) under 28 U.S.C. § 1292(b) where a district court certifies an issue for immediate appeal; and (2) pursuant to rules created by the Supreme Court according to its authority from the Rules Enabling Act, codified at 28 U.S.C. §§ 2071–2077.

*Moore*, 57 F.3d at 930 (citing *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35 (1995)). This indicates that, when a district court certifies an issue pursuant to Rule 54(b), there is no need for an appellate court to conduct a "pendent appellate jurisdiction" analysis. To be clear, the Court is not certifying because of the overlap in the issues presented between Plaintiff's appeal and Henderson's appeal. The Court is certifying because Plaintiff has persuaded the Court that its orders with respect to the City and Palmer are final orders that are distinct from the unresolved issues in the case, and that there is no just reason to further delay resolution of these questions. Henderson's delay in hiring counsel

has caused this case to be in an unusual procedural posture and delayed Plaintiff's obtaining a final appealable judgment. Therefore, the Court finds Rule 54(b) certification proper, notwithstanding the general principles announced in *Moore* disfavoring the exercise of pendent appellate jurisdiction in cases involving appeals of qualified immunity.

## II. Conclusion

Plaintiff's Motion for FRCP 54(b) Certification (Doc. 143) is GRANTED. Pursuant to Rule 54(b), the Court hereby directs the entry of final judgment as to all claims asserted against the City and Palmer, including those asserted in the original Complaint (Doc. 2) and the Second Amended Complaint (Doc. 71). The Orders supporting the Court's entry of judgment in favor of these Defendants are the Court's Summary Judgment Order (Doc. 47) and Dismissal Order (Doc. 123). The Court will enter a separate judgment.

**SO ORDERED** this 24th day of December, 2014.

TERENCE C. KERN
United States District Judge